UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUN 2 8 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR A SEARCH WARRANT FOR THE ) <br> YAHOO! INC. EMAIL ACCOUNT ) <br> DORAFAN1995@YAHOO.COM ) | Crim. No. **13-1410 TJS** |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Daniel E. O'Donnell, Special Agent with the Federal Bureau of Investigation, Linthicum, MD, Violent Crimes Against Children Section, Major Case Coordination Unit, being duly sworn, hereby deposes and states as follows:

1. Your Affiant has been employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) since March 2004, and is currently assigned to the FBI's Violent Crimes Against Children Section (VCAC), Major Case Coordination Unit (MCCU). Your Affiant is currently investigating federal violations concerning child pornography and the sexual exploitation of children and has gained experience through training in seminars, classes, and everyday work related to these types of investigations. Your Affiant has participated in the execution of numerous warrants involving the search and seizure of computers, computer equipment, software, and electronically stored information.

2. As a federal agent, Your Affiant is authorized to investigate violations of the laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. This affidavit is made in support of applications for a search warrant for information associated with a certain account that is stored at a premises owned, maintained, controlled, or operated by Yahoo! Inc., an electronic mail/Internet service provider

headquartered at 701 First Avenue, Sunnyvale, California 94089. The information to be searched is described in the following paragraphs and in Attachment B. This affidavit is made in support of an application for a search warrant under Title 18, United States Code (U.S.C.) §§ 2251 and 2252A, involving the use of a computer in or affecting interstate commerce to transport, advertise, receive, distribute, possess and/or access child pornography; to require Yahoo Inc. to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the electronic mail account (e-mail), dorafan1995@yahoo.com, more particularly described in Attachment A.

4. Your Affiant is requesting authority to search the e-mail account where the items specified in Attachment A may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of crime.

5. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts I believe necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, U.S.C. §§ 2251 and 2252A, involving the use of a computer in or affecting interstate commerce to advertise, transport, receive, distribute, possess and/or access child pornography, are presently located within the e-mail account dorafan1995@yahoo.com. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

6. This investigation, described more fully below, has revealed that the individual using the e-mail account dorafan1995@yahoo.com did knowingly utilize e-mail to transport, advertise, receive, distribute, possess and/or access child pornography and that there is probable

cause to believe there is evidence, fruits, and instrumentalities of the violations of Title 18, U.S.C. §§ 2251 and 2252A located in the e-mail account.

## STATUTORY AUTHORITY

7. This investigation concerns alleged violations of Title 18, U.S.C., §§ 2251 and 2252A, relating to material involving the sexual exploitation of minors:

   a. 18 U.S.C. § 2251(d)(1)(a) prohibits a person from knowingly making, printing, publishing, or causing to be made, printed, or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

   b. 18 U.S.C. § 2252A prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, possessing any child pornography, as defined in 18 U.S.C. §2256(8), when such child pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

## CHARACTERISTICS COMMON TO INDIVIDUALS WHO COMMUNICATE ONLINE AND CONSPIRE TO ADVERTISE, DISTRIBUTE AND COLLECT CHILD PORNOGRAPHY

8. Based on my investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who utilize internet forums to communicate and conspire with others to advertise, distribute, receive and collect images and videos of child pornography:

   a. Individuals who conspire with others to advertise, distribute and collect child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

   b. Individuals who conspire with others to advertise, distribute and collect child pornography may collect sexually explicit or suggestive materials, in a variety of

media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c. Individuals who conspire with others to advertise, distribute and collect child pornography almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d. Likewise, individuals who conspire with others to advertise, distribute and collect child pornography often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection, which is valued highly.

e. Individuals who conspire with others to advertise, distribute and view child pornography correspond with and/or meet others to share information and materials rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

f. Individuals who would email others child pornography would have had to met those individuals in other online forums designed to attract those interested in child pornography. These individuals gain knowledge each other's email addresses through online communication with others of similar interest on forums. Other forums, such as bulletin boards, newsgroups, IRC chat or chat rooms have areas dedicated to the trafficking of child pornography images. Individuals who utilize these types of forums are considered more advanced users and therefore more experienced in acquiring a collection of child pornography images.

g. Individuals who conspire with others to advertise, distribute and collect child pornography prefer not to be without their child pornography for any prolonged

time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world. Users will maintain their collections both off and online.

h. Individuals who conspire with others to advertise, distribute and collect child pornography often utilize the same online account(s), such as an e-mail account, for an extended period of time to collect and distribute child pornography material. One of the reasons for this is to establish the account(s) as being known to other collectors and distributors of child pornography to foster the individual's ability to obtain child pornography material. Similar investigations involving the distribution of child pornography materials via e-mail have routinely identified individuals who have utilized the same e-mail account(s) for an extended period of time; many times over a multiple-year period.

i. Based on my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, collectors and distributors of child pornography often establish online accounts, such as e-mail accounts, that are distinct from accounts associated with their true identities. One of the reasons for this is to conceal their true identities from law enforcement.

## PROBABLE CAUSE

9. On 02/01/2013, a resident of Columbia, Tennessee, hereafter referred to as "S.R.", a registered sex offender in the state of Tennessee, was arrested by Tennessee law enforcement officers for the distribution of child pornography (CP) via his e-mail account of angel.thaline@gmail.com.

10. Pursuant to his arrest, on 02/01/2013, S.R. voluntarily provided the Federal Bureau of Investigation (FBI) consent to assume his online identities and signed a Consent to Assume Online Identity Authorization Form. This consent was witnessed by Special Agent Brian Fazenbaker, FBI, and Special Agent Michael Frizzell, Tennessee Bureau of Investigation. As part of this consent, S.R. provided user IDs and passwords for numerous online accounts he utilized. One of these accounts was "A". On 02/05/2013, Special Agent Fazenbaker provided the aforementioned user IDs and consent form to your Affiant for further investigation.

11.     On 02/09/2013 and 02/10/2013, pursuant to the above consent, your Affiant accessed the e-mail account "A" from an Internet connection at the FBI's VCAC, MCCU's offices in Linthicum, Maryland, and reviewed the contents.

12.     Analysis of the "A" account revealed over 300 e-mails sent between this account and numerous other e-mail accounts. The majority of these e-mails appeared to contain CP images and videos, child erotica images and videos, or text indicative of an interest in CP and child erotica. From 02/10/2013 through 05/30/2013, your Affiant continued to access this e-mail account and engaged in undercover communications with several additional e-mail accounts.

### DORAFAN1995@YAHOO.COM INVESTIGATION

13.     On 05/16/2013, the user of dorafan1995@yahoo.com sent an e-mail to "A" stating, "hi c.erika24  do you want to trade pics?"

14.     On 05/17/2013, utilizing "A" in an undercover capacity, your Affiant responded to the above e-mail, stating, "hi yes....up to you to send first  pics or vids."

15.     On 05/17/2013, the user of dorafan1995@yahoo.com then sent an e-mail to "A" stating, "are you male or female?" Attached to the e-mail were 23 images. All 23 images appeared to depict a prepubescent naked or partially naked prepubescent female. Examples of these images are as follows:

   a.   "1-14_cam_n_cum20.jpg": An image depicting a naked prepubescent female who is sitting with her legs spread apart, exposing her vagina. A black cat with white paws is sitting in between her legs and the cat's mouth appears to be pressed against or very close to the prepubescent female's vagina. Her face is not visible in the image.

   b.   "1-14_cam_n_cum28.jpg": An image depicting a naked prepubescent female who is sitting on top of a computer monitor with her legs spread apart, exposing her vagina. The female's face is not visible in the image.

c. "1-14_cam_n_cum50.jpg": An image depicting a close-up of naked prepubescent female's torso. She appears to be lying on top of an adult male, whose hands are pressed against her hips. The penis of the adult male is in between her legs and pressed against the outer skin of her vagina.

16. At present, it is not known when the email account in question was opened, but given the tendency of child pornography collectors to maintain/collect child pornography over long periods of time generally, and specifically, the trading activity observed regarding the target email address, account information is sought for approximately one year prior to the email exchanges, i.e., from 6/1/2012 to present.

## CONCLUSION

17. Your Affiant has probable cause to believe that Yahoo Inc., 701 First Avenue, Sunnyvale, California 94089, maintains evidence of a violation of Title 18, U.S.C. §§ 2251 and 2252A, involving the use of a computer in or affecting interstate commerce to advertise, transport, receive, distribute, possess and/or access child pornography. This evidence, listed in Attachment B to this affidavit, which is incorporated herein by reference, is contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

18. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

19. Pursuant to Title 18, U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

20. Pursuant to Title, 18 U.S.C. § 2703(b)(1)(A), it is requested that Yahoo Inc. not provide required notice to the subscriber or customer. Further, pursuant to Title, 18 U.S.C. § 2705(b), it is requested that Yahoo, Inc. not notify any other person of the existence of this


warrant for the next 180 days. This request is made because I believe notification of the existence of the warrant may result in the destruction or tampering with evidence and/or will seriously jeopardize the ongoing investigation. 18 U.S.C. §§ 2705(b)(3), (5).

Special Agent
Daniel E. O'Donnell
Federal Bureau of Investigation

SUBSCRIBED TO AND SWORN BEFORE ME
THIS 7th DAY OF JUNE 2013

HONORABLE TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### ITEMS TO BE SEIZED AND SEARCHED

This warrant applies to information associated with the e-mail accounts, dorafan1995@yahoo.com, which is stored at premises owned, maintained, controlled, or operated by Yahoo Inc., a company headquartered at 701 First Avenue, Sunnyvale, California 94089.

## ATTACHMENT B

## SPECIFIC ITEMS TO BE SEIZED

I.   **Information to be disclosed by Yahoo Inc.**

Yahoo Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A for the time period of 6/1/2012 to the present:

1. The contents of all e-mails stored in the account, including copies of e-mails sent to and from the account, draft e-mails, the source and destination e-mails sent addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

2. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

3. All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

4. All records pertaining to communications between dorafan1995@yahoo.com and any persons regarding this account, including contacts with support services and records of actions taken.

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, U.S.C. §§ 2251 and 2252A, involving e-mail dorafan1995@yahoo.com; including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

1. Communications to/from the e-mail account dorafan1995@yahoo.com that demonstrate the ongoing violations of Title 18, U.S.C. §§ 2251 and 2252A.

2. Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.